# EXHIBIT A

Exhibit A 1

No. 366-00081-2013

| | | |
|---|---|---|
| DEMETRIA SANDERS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | COLLIN COUNTY, TEXAS |
| KROGER TEXAS, L.P. and | § | |
| M. C. of T., Inc. d/b/a Omega. | § | |
| Defendant. | § | 366th JUDICIAL DISTRICT COURT |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT KROGER TEXAS LP'S FIRST REQUEST FOR ADMISSIONS

Plaintiff Demetria Sanders responds to Defendant Kroger Texas, L.P.'s requests for admissions as follows:

**REQUEST FOR ADMISSION NO. 1:** Admit that you are seeking damages in excess of $75,000.00, exclusive of interest and costs.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2:** Admit that you have no personal knowledge regarding the specific amount of time that the watery liquid was on the floor before your fall.

**RESPONSE:** Plaintiff denies the request to the extent it seeks an admission that the watery liquid was not on the floor for a sufficient period of time for Defendant, through its employees and agents, to discover the danger with a reasonable inspection. To the extent the Request asks if Plaintiff knows the exact amount of time the watery liquid existed on the floor, Plaintiff admits that she does not have personal knowledge of this information.

**REQUEST FOR ADMISSION NO. 3:** Admit that you are aware of no eyewitnesses who saw the watery liquid on the floor before your fall.

**RESPONSE:** Denied.

PLAINTIFF'S RESPONSES KROGER'S REQUEST FOR ADMISSIONS                                    PAGE 1

**REQUEST FOR ADMISSION NO. 4:** Admit that you are aware of no photographs of the watery liquid on the floor that were taken <u>before</u> your alleged fall.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 5:** Admit that you are aware of no photographs of the watery liquid on the floor that were taken immediately <u>after</u> your fall.

**RESPONSE:**   Denied.

**REQUEST FOR ADMISSION NO. 6:** Admit that you do not know the source of the watery liquid on the floor that you claim caused your fall.

**RESPONSE:**   At this time, Plaintiff is without sufficient information to admit or deny. Therefore, denied.

**REQUEST FOR ADMISSION NO. 7:** Admit no Kroger employee was responsible for putting the watery liquid on the floor that you claim caused your fall.

**RESPONSE:**   At this time, Plaintiff is without sufficient information to admit or deny. Therefore, denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that you have no <u>personal knowledge</u> regarding whether the watery liquid was on the floor more than 10 minutes before your fall.

**RESPONSE:**   Plaintiff denies the request to the extent it seeks an admission that the watery liquid was not on the floor for a sufficient period of time for Defendant, through its employees and agents, to discover the danger with a reasonable inspection. To the extent the Request asks if Plaintiff knows the exact amount of time the watery liquid existed on the floor, Plaintiff admits that she does not have personal knowledge of this information.

**REQUEST FOR ADMISSION NO. 9:** Admit that you have no <u>personal knowledge</u> regarding whether the watery liquid was on the floor more than 20 minutes before your fall.

**RESPONSE:**   Plaintiff denies the request to the extent it seeks an admission that the watery liquid was not on the floor for a sufficient period of time for Defendant, through its employees and agents, to discover the danger

with a reasonable inspection. To the extent the Request asks if Plaintiff knows the exact amount of time the watery liquid existed on the floor, Plaintiff admits that she does not have personal knowledge of this information.

**REQUEST FOR ADMISSION NO. 10:** Admit that you have no <u>personal knowledge</u> regarding whether the watery liquid was on the floor more than 30 minutes before your fall.

**RESPONSE:** Plaintiff denies the request to the extent it seeks an admission that the watery liquid was not on the floor for a sufficient period of time for Defendant, through its employees and agents, to discover the danger with a reasonable inspection. To the extent the Request asks if Plaintiff knows the exact amount of time the watery liquid existed on the floor, Plaintiff admits that she does not have personal knowledge of this information.

**REQUEST FOR ADMISSION NO. 11:** Admit that you are aware of no witnesses who have <u>personal knowledge</u> regarding whether the watery liquid was on the floor more than 10 minutes before your fall.

**RESPONSE:** Plaintiff denies the request to the extent it seeks an admission that there was not any witness to the watery liquid for a sufficient period of time in advance of fall for Defendant, through its employees and agents, to discover the danger with a reasonable inspection. To the extent the Request asks if Plaintiff knows the exact amount of time the witnesses were aware of the watery liquid, Plaintiff admits that she does not have personal knowledge of that fact.

**REQUEST FOR ADMISSION NO. 12:** Admit that you are aware of no witnesses who have <u>personal knowledge</u> regarding whether the watery liquid was on the floor more than 20 minutes before your fall.

**RESPONSE:** Plaintiff denies the request to the extent it seeks an admission that there was not any witness to the watery liquid for a sufficient period of time in advance of fall for Defendant, through its employees and agents, to discover the danger with a reasonable inspection. To the extent the Request asks if Plaintiff knows the exact amount of time the witnesses were aware of the watery liquid, Plaintiff admits that she does not have personal knowledge of that fact.

**REQUEST FOR ADMISSION NO. 13:** Admit that you are aware of no witnesses who have <u>personal knowledge</u> regarding whether the watery liquid was on the floor more than 30 minutes before your fall.

RESPONSE:	Plaintiff denies the request to the extent it seeks an admission that there was not any witness to the watery liquid for a sufficient period of time in advance of fall for Defendant, through its employees and agents, to discover the danger with a reasonable inspection. To the extent the Request asks if Plaintiff knows the exact amount of time the witnesses were aware of the watery liquid, Plaintiff admits that she does not have personal knowledge of that fact.

**REQUEST FOR ADMISSION NO. 14:** Admit that you are not aware of any statements by any Kroger employee (whether made before or after the incident at issue) that he or she was aware that the watery liquid was on the floor <u>before</u> your fall.

RESPONSE:	Denied.

**REQUEST FOR ADMISSION NO. 15:** Admit that you did not notice any footprints through the watery liquid that you claim caused your fall.

RESPONSE:	Plaintiff is unable to admit or deny at this time, as she does not recall. Accordingly, denied.

**REQUEST FOR ADMISSION NO. 16:** Admit that you did not preserve any sample of the watery liquid on which you claim to have fallen.

RESPONSE:	Admit.

**REQUEST FOR ADMISSION NO. 17:** Admit that you have no <u>personal knowledge</u> regarding how much time elapsed between the time a Kroger employee last inspected the area in which you fell and the time that you fell.

RESPONSE:	Denied. A Kroger employee or agent was across the isle prior to and at the time of the fall.

**REQUEST FOR ADMISSION NO. 18:** Admit that you have no personal knowledge regarding how much time elapsed between the time a Kroger employee last inspected the area in which you fell and the time that the watery liquid appeared on the floor.

RESPONSE:	Denied. A Kroger employee or agent was across the isle prior to and at the time of the fall.

PLAINTIFF'S RESPONSES KROGER'S REQUEST FOR ADMISSIONS                                              PAGE 4

To: Todd Turner    Page 12 of 36    2013-03-01 21:49:17 (GMT)    19727873225 From: Paul Wickes

Case 4:13-cv-00183-RC-AM   Document 1-2   Filed 03/29/13   Page 6 of 8 PageID #: 12

**REQUEST FOR ADMISSION NO. 19:** Admit that no one witnessed your fall.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 20:** Admit that Kroger had no <u>actual</u> knowledge of the alleged watery liquid on the floor.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 21:** Admit that Kroger had no <u>constructive</u> knowledge of the alleged watery liquid on the floor.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 22:** Admit that you sustained personal injuries to your shoulder from an incident(s) prior to and unrelated to the incident in question.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 23:** Admit you are not eligible for Medicare benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 24:** Admit you have not received Medicare benefits for the injuries you sustained related to the incident.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 25:** Admit you have not applied for Social Security Disability (SSD) benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 26:** Admit you are not currently receiving Social Security Disability (SSD) benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 27:** Admit you have not been denied Social Security Disability (SSD) benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 28:** Admit you have not appealed a denial of Social Security Disability (SSD) benefits.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 29:** Admit Medicare has made no conditional payment for any medical expenses or prescriptions related to injuries you sustained as a result of the incident.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 30:** Admit you are not, nor have you ever been, a Medicare beneficiary.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 31:** Admit you do not expect to become eligible for Medicare benefits within the next 30 months.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 32:** Admit no liens, including liens for medical treatment by hospitals, physicians, or medical providers of any kind, have been filed for the treatment of injuries, if any, sustained as a result of the incident.

**RESPONSE:** Denied.

Respectfully submitted,

**WICKES LAW, PLLC**

By: _Paul O. Wickes_
    Paul O. Wickes
    State Bar No. 00788663
5600 Tennyson Parkway
Suite 285
Plano, Texas 75024
(972) 473-6900 Telephone
(972) 767-3225 Facsimile
pwickes@wickeslaw.com

**ATTORNEYS FOR PLAINTIFF**
**DEMETRIA SANDERS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via facsimile on February 28, 2013.

| | |
|---|---|
| Randy A. Nelson<br>Donna C. Peavler<br>Todd B. Turner<br>THE PEAVLER GROUP<br>3400 Carlisle Street, Suite 430<br>Dallas, Texas 75204-1221<br>(214) 999-0551 (FAX) | Barry Shelton<br>Law Offices of Karl R. Schneider<br>Northbelt II, 785 Greens Parkway<br>Suite 240<br>Houston, TX 77067<br>(877) 369-4882 (FAX)<br>William.Shelton@TheHartford.com |

_Paul O. Wickes_
Paul O. Wickes