# EXHIBIT C

Exhibit C 13

Filed
13 January 9 A10:51
Andrea Stroh Thompson
District Clerk
Collin District

No. 366-00081-2013

| | | |
|---|---|---|
| **DEMETRIA SANDERS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **KROGER TEXAS, LP and** | § | |
| **M. C. of T., Inc. d/b/a OMEGA** | § | |
| | § | |
| **Defendants.** | § | **366 JUDICIAL DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

Plaintiff Demetria Sanders now files her Original Petition alleging claims against Defendants Kroger Texas, LP and M. C. of T., Inc. d/b/a Omega showing the Court as follows:

### DISCOVERY CONTROL PLAN

1.      Discovery shall be conducted under Level 2 of the Texas Rules of Civil Procedure.

### PARTIES

2.      Plaintiff Demetria Sanders ("Plaintiff" or "Demetria") is an individual residing in Collin County, Texas.

3.      Defendant Kroger Texas L.P. ("Kroger") is a Texas limited partnership doing business in Texas. It may be served with process by serving its registered agent, **Corporate Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.**

4.      Defendant M. C. of T., Inc. d/b/a Omega ("Omega") is a foreign corporation doing business in Texas. It may be served with process by serving its registered agent, **C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas, 750201-4234.**

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because the amount in controversy is within the Court's jurisdictional limits and the cause of action accrued in Texas.

6.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(1).

## FACTUAL BACKGROUND

7.      On or about February 18, 2011, Demetria Sanders visited a Kroger grocery store with her husband.

8.      Demetria fell while shopping at Kroger because of a watery liquid emanating from the box freezers.

9.      The watery liquid was on the floor due to the negligence of Kroger and its agent Omega (collectively "Defendants").

10.      Defendants were aware of the watery substance.  At the time that Demetria fell, two of Defendants employees or agents were working only a few feet away.  They had previously been working where Demetria fell. Despite the fact that they caused the water to be on the floor, no warning signs were posted and the liquid was not cleaned up.  After the fall, Demetria's entire backside was wet.  Kroger then placed a "Caution" sign to warn of the wet spot.

11.      As a result of the fall, Demetria suffered injuries to her low back, right shoulder, and arm.

12.      The injuries required one surgery and significant rehabilitative treatment.  She was unable to work at her job with the postal service for a full year.

## COUNT ONE: PREMISES LIABILITY

13.　Plaintiff incorporates the prior allegations of fact.

14.　Defendant Kroger was the owner of the premises located at 6001 West Parker Road, Plano, Texas.

15.　Defendant Omega worked as an agent of Kroger at all times relevant to the incident.

16.　Plaintiff entered Defendants' premises in response to Defendants' invitation and for their mutual benefit. That is, she was a customer of the store.

17.　A condition on Defendants' premises posed an unreasonable risk of harm. Specifically, a watery liquid was on the floor that created a significant fall risk.

18.　Defendants caused the dangerous condition to exist.

19.　Alternatively, Defendants knew or reasonably should have known of the dangerous condition posed by the watery liquid on the floor.

20.　Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing remove the watery liquid or to provide a warning of its existence.

21.　Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in past and future physical pain and suffering, mental anguish, disfigurement, physical impairment, medical expenses, lost wages, and loss of earning capacity.

22.　Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

23.　Plaintiff now sues for her damages proximately caused by Defendants' negligence.

## DISCOVERY REQUESTS

24.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty days of this request, the information or material described in Rule 194.2.

25.     Pursuant to Rules 196-197 of the Texas Rules of Civil Procedure, Defendant Kroger is requested to respond to the discovery requests attached as Exhibit A within fifty days service of this Petition.

26.     Pursuant to Rules 196-197 of the Texas Rules of Civil Procedure, Defendant Omega is requested to respond to the discovery requests attached as Exhibit B within fifty days service of this Petition.

## PRAYER

**WHEREFORE,** Plaintiff Demetria Sanders asks the Court to issue citation for Defendants to appear and answer, and that Plaintiff be awarded judgment against Defendants for (i) her actual damages, (ii) pre- and post-judgment interest, (iii) her costs of court, and (iv) all other relief to which Plaintiff is entitled.

Respectfully submitted,

**WICKES LAW, PLLC**

By:  _/s/ Paul O. Wickes_
Paul O. Wickes
State Bar No. 00788663
5600 Tennyson Parkway
Suite 285
Plano, Texas 75024
(972) 473-6900 Telephone
(972) 767-3225 Facsimile
pwickes@wickeslaw.com

**ATTORNEYS FOR PLAINTIFF**

*1/21/13*
*8:39a*

THE STATE OF TEXAS
CIVIL CITATION

CASE NO.366-00081-2013

Demetria Sanders Vs. Kroger Texas, LP,M.C. of T., Inc.

In the 366th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Kroger Texas LP, by serving its registered agent, Corporation Service Co
211 W 7th St Suite 620
Austin TX 78701, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 366th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Paul Wickes 5600 Tennyson #285 Plano TX 75024 (Attorney for Plaintiff or Plaintiffs), on January 09, 2013, in this case, numbered 366-00081-2013 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 10th day of January, 2013.



ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____ Deputy
Joe Helen Anderson

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

# SHERIFF'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____o'clock ____M., and executed in _____ County, Texas, by delivering to the within named Respondent/Defendant, to-wit:

_____, at _____o'clock____M., _____, 20_____,

_____, at _____o'clock____M., _____, 20_____,

_____, at _____o'clock____M., _____, 20_____,

_____, at _____o'clock____M., _____, 20_____,

each, in person, a true copy of this instrument with a true and correct copy of the document attached thereto having first endorsed on such copy of said instrument the date of delivery.

[  ]  Not executed.  The diligence used in finding defendant being _____

_____

[  ]  Information received as to the whereabouts of defendant being _____

_____

Total Fees . . . . . . . . . . . .$_____

_____ Sheriff / Constable / District Clerk

_____ County, Texas

By _____, Deputy

** Service by Rule 106 TRC if directed by attached Court Order
© TDCA 2003

## VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, this _____ day of

_____, 20_____.

_____

# EXHIBIT A

No. _____

| | | |
|---|---|---|
| **DEMETRIA SANDERS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **KROGER TEXAS, L.P. and** | § | |
| **M. C. of T., Inc. d/b/a Omega.** | § | |
| | § | |
| **Defendant.** | §  | **____ JUDICIAL DISTRICT COURT** |

## PLAINTIFF'S FIRST DISCOVERY REQUESTS TO
## DEFENDANT KROGER TEXAS, L.P.

Plaintiff Demetria Sanders propounds the following interrogatories and requests for production to Defendant Kroger Texas, LP to be answered in accordance with Rules 196-197 of the Texas Rules of Civil Procedure. Defendant's responses and any objections to these interrogatories and requests must be served on the undersigned attorney for Plaintiff within fifty (50) days of the date of service.

### INSTRUCTIONS

1.      Each of the interrogatories shall be answered separately and fully, in writing, and under oath.

2.      If an interrogatory is objected to, the reason(s) for objection shall be stated, followed by an answer to the extent possible.

3.      In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as Defendant can and explain in sufficient detail the reasons why Defendant cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when Defendant will be in that position.

**20**

4.    Defendant is requested to supplement or amend his answers to these interrogatories as required by the Texas Rules of Civil Procedure.

## DEFINITIONS

1.    "PLAINTIFF" or "SANDERS" shall refer to Plaintiff Demetria Sanders.

2.    "PETITION" shall refer to Plaintiff's Original Petition, as well as any additional amended petition that is filed in this action.

3.    "KROGER" shall refer to Defendant Kroger Texas, LP as well as any person or entity working on his behalf

4.    "Omega" shall refer to Defendant M. C. of T., Inc. d/b/a Omega, as well as any person or entity working on his behalf.

5.    The "INCIDENT" shall refer to the incident alleged in PLAINTIFF'S PETITION.

6.    The term "communication" means all contact, oral or written, formal or informal, at any time or place under any circumstances whatsoever, whereby any information of any nature was transmitted or received.

7.    The term "person" includes, without limiting the generality of its meaning, every natural person, corporate entity, partnership, association, joint venture, governmental body or agency.

8.    The term "date" means the exact day, month and year, if known, or if not known the best approximation thereof which shall be explicitly indicated as an approximate date when given.

9.    The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 192.3(b) of the Texas Rules of Civil Procedure. A draft of a non-identical copy is a separate document within the meaning of this term.

10.     The term "identify" or "identification" means:

(a)     When used in reference to a natural person: the person's full name, present or last known business address, present or last known home address, telephone number and any other information which may be helpful in locating the whereabouts of such person.

(b)     When used in reference to any form of entity: the full legal name and form of organization, the law under which it exists, its present or last known address, the name and address of its registered agent.

(c)     When used in reference to a document: its date, its author, the type of document, the nature and substance of the document, its present location and the name of its present custodian.

(d)     When used in reference to a communication: its date, identification of the person transmitting and receiving information, the nature and substance of the communication, any documents relating to or commemorating the communication.

11.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12.     The term "you," "your," or "yours" shall refer to KROGER.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

ANSWER:

### INTERROGATORY NO. 2:

If you contend that the Plaintiff's injuries and damages were caused in part or in whole by the Plaintiff's own negligence, please state every act or omission of the Plaintiff that supports such allegation and give the factual bases for the contention.

ANSWER:

**INTERROGATORY No. 3:**

Please identify each person you expect to call as a witness in the trial of this matter.

**ANSWER:**

**INTERROGATORY No. 4:**

If you contend that any person other than yourself or Plaintiff caused and/or contributed to the INCIDENT, please identify that person and state the facts upon which you rely in contending same and identify the evidence on which you base the contention.

**ANSWER:**

**INTERROGATORY No. 5:**

Identify the location of each video camera (or other device that captures video data) that recorded activities occurring at or near the site of the INCIDENT at the time of the INCIDENT? Explain the steps that you took to preserve the data contained on the video equipment identified.

**ANSWER:**

**INTERROGATORY No. 6:**

Do you claim any defect of parties including but not limited to such matters as set forth in Rule 93 of the Texas Rules of Civil Procedure?

**ANSWER:**

**INTERROGATORY No. 7:**

If you contend that you were not negligent, please state the basis for your contention and provide the facts that support your contention.

**ANSWER:**

**23**

**INTERROGATORY NO. 8:**

If Defendant has ever had any conversation with the Plaintiff or overheard any words spoken by the Plaintiff, please state what such statements or words were, including their exact content (or as close to exact content as possible) to whom they were made, and identify the persons present when such remarks were made.

**ANSWER:**

**INTERROGATORY NO. 9:**

Do you intend to use evidence of a conviction of any party or witness in this case? If so, Plaintiff demands written notice pursuant to Texas Rule of Evidence 609.

**ANSWER:**

**INTERROGATORY NO. 10:**

What liquid do you contend was on the floor where the INCIDENT occurred? What do you contend caused that liquid to be on the floor? How long (your best estimate) do you believe the liquid was on the floor?

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify any other incident in which Kroger has been unsatisfied with the work of Acosta or Omega in connection with the issue of employee or customer safety.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Please produce the following items:

1.      Your entire file related to this INCIDENT.

2.      All documents related to communications between you and PLAINTIFF.

3.      All documents related to communications between you and OMEGA, including any documents with Omega's insurer.

4.      All documents regarding other slip-and-fall incidents in which Omega had some involvement (*i.e.*, Kroger took the position that Omega was responsible for responding to the claim).

5.      All documents regarding any KROGER policy or procedure regarding the avoiding of slippery spots on KROGER'S floors.

6.      The contract between KROGER and ACOSTA that governed work performed at or near where the INCIDENT occurred.

7.      The contract that allowed OMEGA to work at or near where the INCIDENT occurred.

8.      All witness statements obtained in your investigation of the INCIDENT.

9.      All documents reflecting communications between KROGER and any third party the Incident, Plaintiff, or her injuries.

10.     All documents reflecting internal communications of KROGER regarding the slip-and-fall risks and the prevention of them.

11.     All documents relating or referring to other slip-and-fall incident that occurred at this Kroger store in the two-year period prior to the INCIDENT.

12.     All photographs relevant to this suit.

13.     All videotapes relevant to this suit.  This request includes all surveillance videotapes.

14.     All visual images relevant to this suit.

15.     Please attach a copy of any and all photographs, charts, or diagrams of the scene of the INCIDENT made the basis of this suit.

16.     Any documents you have related to Plaintiff.

17.     Any documents that you have obtained by subpoena in this suit.

18.     Any documents that you have obtained by virtue of an authorization or release provided by Plaintiff.

**25**

19. A copy of the curriculum vitae of any consulting expert Defendant intends to utilize whose report or work product will be relied upon in whole or in part or reviewed by a testifying expert witness in this case.

20. Any and all treatises, periodicals, and pamphlets that you may offer or use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

21. All documents and tangible things prepared by an expert used for consultation which were prepared in anticipation of this litigation or which forms a basis in whole or in part of the opinions of an expert who will be called as a witness at trial.

22. All documents which you will introduce at trial.

23. All public records, reports, statements or data computations which will be introduced by you pursuant to Rule 803 (8) of the Texas Rules of Evidence.

24. All documents, memoranda, statements and other extrinsic evidence which you intend to introduce at trial as self-authenticating under Rule 902 of the Texas Rules of Evidence.

25. Please produce true copies of any statement by Plaintiff in the possession of this Defendant, its insurer or any person or entity related to this Defendant in any manner.

26. All reservation of rights agreements entered into between the Defendant or any other person and/or entity which affects in any way any right(s) of this answering Defendant and of any and all insurance companies insuring the Defendant.

27. Please provide true and correct copies of any and all indemnification, contribution, or settlement agreements or releases entered into by answering Defendant with any persons or entities, arising out of the facts which form the basis of this lawsuit.

28. Please provide true and correct copies of any investigation conducted as a result of the occurrence made the basis of this lawsuit.

29. Please produce a true and correct copy of any and all medical records, medical reports and/or medical bills in you and/or your attorney's possession which describes, relates to and/or pertains to medical treatment received by the Plaintiff at any time prior to, during, or subsequent to the incident made the basis of this lawsuit.

30. Please produce any and all employee training and/or safety documents that relate to the prevention of slip-and-fall incident.

Respectfully submitted,

**WICKES LAW, PLLC**


By:_ *Paul O. Wickes*
 Paul O. Wickes
 State Bar No. 00788663
5600 Tennyson Parkway
Suite 285
Plano, Texas 75024
(972) 473-6900 Telephone
(972) 767-3225 Facsimile
pwickes@wickeslaw.com

**ATTORNEYS FOR PLAINTIFF
HARVEY R. DIXON**

**EXHIBIT B**

No. _____

| | | |
|---|---|---|
| **DEMETRIA SANDERS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **KROGER TEXAS, L.P. and** | § | |
| **M. C. of T., Inc. d/b/a Omega.** | § | |
| | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT COURT** |

### PLAINTIFF'S FIRST DISCOVERY REQUESTS TO
### DEFENDANT M. C. OF T., INC.

Plaintiff Demetria Sanders propounds the following interrogatories and requests for production to Defendant M. C. of T., Inc. to be answered in accordance with Rules 196-197 of the Texas Rules of Civil Procedure.  Defendant's responses and any objections to these interrogatories and requests must be served on the undersigned attorney for Plaintiff within fifty (50) days of the date of service.

### INSTRUCTIONS

1.    Each of the interrogatories shall be answered separately and fully, in writing, and under oath.

2.    If an interrogatory is objected to, the reason(s) for objection shall be stated, followed by an answer to the extent possible.

3.    In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as Defendant can and explain in sufficient detail the reasons why Defendant cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when Defendant will be in that position.

**28**

4.      Defendant is requested to supplement or amend his answers to these interrogatories as required by the Texas Rules of Civil Procedure.

## DEFINITIONS

1.      "PLAINTIFF" or "SANDERS" shall refer to Plaintiff Demetria Sanders.

2.      "PETITION" shall refer to Plaintiff's Original Petition, as well as any additional amended petition that is filed in this action.

3.      "KROGER" shall refer to Defendant Kroger Texas, LP as well as any person or entity working on his behalf

4.      "Omega" shall refer to Defendant M. C. of T., Inc. d/b/a Omega, as well as any person or entity working on his behalf.

5.      The "INCIDENT" shall refer to the incident alleged in PLAINTIFF'S PETITION.

6.      The term "communication" means all contact, oral or written, formal or informal, at any time or place under any circumstances whatsoever, whereby any information of any nature was transmitted or received.

7.      The term "person" includes, without limiting the generality of its meaning, every natural person, corporate entity, partnership, association, joint venture, governmental body or agency.

8.      The term "date" means the exact day, month and year, if known, or if not known the best approximation thereof which shall be explicitly indicated as an approximate date when given.

9.      The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 192.3(b) of the Texas Rules of Civil Procedure.  A draft of a non-identical copy is a separate document within the meaning of this term.

10. The term "identify" or "identification" means:

(a) When used in reference to a natural person: the person's full name, present or last known business address, present or last known home address, telephone number and any other information which may be helpful in locating the whereabouts of such person.

(b) When used in reference to any form of entity: the full legal name and form of organization, the law under which it exists, its present or last known address, the name and address of its registered agent.

(c) When used in reference to a document: its date, its author, the type of document, the nature and substance of the document, its present location and the name of its present custodian.

(d) When used in reference to a communication: its date, identification of the person transmitting and receiving information, the nature and substance of the communication, any documents relating to or commemorating the communication.

11. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12. The term "you," "your," or "yours" shall refer to OMEGA.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

If you contend that the Plaintiff's injuries and damages were caused in part or in whole by the Plaintiff's own negligence, please state every act or omission of the Plaintiff that supports such allegation and give the factual bases for the contention.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please identify each person you expect to call as a witness in the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 4:**

If you contend that any person other than yourself or Plaintiff caused and/or contributed to the INCIDENT, please identify that person and state the facts upon which you rely in contending same and identify the evidence on which you base the contention.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify the location of each video camera (or other device that captures video data) that recorded activities occurring at or near the site of the INCIDENT at the time of the INCIDENT? Explain the steps that you took to preserve the data contained on the video equipment identified.

**ANSWER:**

**INTERROGATORY NO. 6:**

Do you claim any defect of parties including but not limited to such matters as set forth in Rule 93 of the Texas Rules of Civil Procedure?

**ANSWER:**

**INTERROGATORY NO. 7:**

If you contend that you were not negligent, please state the basis for your contention and provide the facts that support your contention.

**ANSWER:**

**INTERROGATORY NO. 8:**

If Defendant has ever had any conversation with the Plaintiff or overheard any words spoken by the Plaintiff, please state what such statements or words were, including their exact content (or as close to exact content as possible) to whom they were made, and identify the persons present when such remarks were made.

**ANSWER:**


**INTERROGATORY NO. 9:**

Do you intend to use evidence of a conviction of any party or witness in this case?  If so, Plaintiff demands written notice pursuant to Texas Rule of Evidence 609.

**ANSWER:**


**INTERROGATORY NO. 10:**

What liquid do you contend was on the floor where the INCIDENT occurred?  What do you contend caused that liquid to be on the floor?  How long (your best estimate) do you believe the liquid was on the floor?

**ANSWER:**


**INTERROGATORY NO. 11:**

Identify any other incident in which Omega has been unsatisfied while working at Kroger because it had concerns about the issue of employee or customer safety.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Please produce the following items:

1.    Your entire file related to this INCIDENT.

2.    All documents related to communications between you and PLAINTIFF.

3.    All documents related to communications between you and KROGER, including any documents with KROGER'S insurer.

4.    All documents regarding other slip-and-fall incidents in which Omega had some involvement (*i.e.*, Kroger took the position that Omega was responsible for responding to the claim).

5.    All documents regarding any OMEGA or KROGER policy or procedure regarding the avoiding of slippery spots on KROGER'S floors.

6.    The contract between KROGER and ACOSTA that governed work performed at or near where the INCIDENT occurred.

7.    The contract that allowed OMEGA to work at or near where the INCIDENT occurred.

8.    All witness statements obtained in your investigation of the INCIDENT.

9.    All documents reflecting communications between OMEGA and any third party the Incident, Plaintiff, or her injuries.

10.    All documents reflecting internal communications of OMEGA regarding the slip-and-fall risks and the prevention of them.

11.    All documents relating or referring to other slip-and-fall incident that occurred at this Kroger store in the two-year period prior to the INCIDENT.

12.    All photographs relevant to this suit.

13.    All videotapes relevant to this suit.  This request includes all surveillance videotapes.

14.    All visual images relevant to this suit.

15.    Please attach a copy of any and all photographs, charts, or diagrams of the scene of the INCIDENT made the basis of this suit.

16.    Any documents you have related to Plaintiff.

17.    Any documents that you have obtained by subpoena in this suit.

18.    Any documents that you have obtained by virtue of an authorization or release provided by Plaintiff.

33

19. A copy of the curriculum vitae of any consulting expert Defendant intends to utilize whose report or work product will be relied upon in whole or in part or reviewed by a testifying expert witness in this case.

20. Any and all treatises, periodicals, and pamphlets that you may offer or use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

21. All documents and tangible things prepared by an expert used for consultation which were prepared in anticipation of this litigation or which forms a basis in whole or in part of the opinions of an expert who will be called as a witness at trial.

22. All documents which you will introduce at trial.

23. All public records, reports, statements or data computations which will be introduced by you pursuant to Rule 803 (8) of the Texas Rules of Evidence.

24. All documents, memoranda, statements and other extrinsic evidence which you intend to introduce at trial as self-authenticating under Rule 902 of the Texas Rules of Evidence.

25. Please produce true copies of any statement by Plaintiff in the possession of this Defendant, its insurer or any person or entity related to this Defendant in any manner.

26. All reservation of rights agreements entered into between the Defendant or any other person and/or entity which affects in any way any right(s) of this answering Defendant and of any and all insurance companies insuring the Defendant.

27. Please provide true and correct copies of any and all indemnification, contribution, or settlement agreements or releases entered into by answering Defendant with any persons or entities, arising out of the facts which form the basis of this lawsuit.

28. Please provide true and correct copies of any investigation conducted as a result of the occurrence made the basis of this lawsuit.

29. Please produce a true and correct copy of any and all medical records, medical reports and/or medical bills in you and/or your attorney's possession which describes, relates to and/or pertains to medical treatment received by the Plaintiff at any time prior to, during, or subsequent to the incident made the basis of this lawsuit.

30. Please produce any and all employee training and/or safety documents that relate to the prevention of slip-and-fall incident.

Respectfully submitted,

**WICKES LAW, PLLC**

By:_ *Paul O. Wickes*_____
    Paul O. Wickes
    State Bar No. 00788663
5600 Tennyson Parkway
Suite 285
Plano, Texas 75024
(972) 473-6900 Telephone
(972) 767-3225 Facsimile
pwickes@wickeslaw.com

**ATTORNEYS FOR PLAINTIFF**
**HARVEY R. DIXON**